IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division



FILED
IN OPEN COURT

9 2025

CLERK U.S.

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>v.<br><br>LETITIA A. JAMES.<br><br>*Defendant*. | CRIMINAL NO. __2:25cr122__<br><br>Count One: Bank Fraud (18 U.S.C. § 1344)<br><br>Count Two: False Statements to a Financial Institution (18 U.S.C. § 1014)<br><br>18 U.S.C. § 981(a)(1)(C) and 982(a)<br>28 U.S.C. § 2461<br>Criminal Forfeiture |

INDICTMENT

October 2025 Term – at Alexandria, Virginia

THE GRAND JURY CHARGES THAT:

<u>GENERAL ALLEGATIONS</u>

At all times relevant to this Indictment:

1. Letitia A. James ("JAMES") was a resident of Brooklyn, New York, and the borrower on a Fannie Mae-backed mortgage loan for the property located at 3121 Peronne Avenue, Norfolk, Virginia.

2. OVM Financial (also known as Old Virginia Mortgage / AnnieMac) was a mortgage lending business located in Virginia Beach, Virginia, engaged in the business of originating and underwriting residential mortgage loans, including those backed by the Federal National Mortgage Association ("Fannie Mae"). OVM Financial qualified as a "financial institution" within the meaning of 18 U.S.C. § 20(10).

3. Fannie Mae was a federally chartered corporation that purchased and guaranteed mortgages, operating as a government-sponsored enterprise under the oversight of the Federal Housing

1

Finance Agency ("FHFA").

4. First Savings Bank was a state-chartered, FDIC-insured financial institution (Certificate #29961), headquartered in Jeffersonville, Indiana, which acquired mortgage loans through assignment or acquisition. First Savings Bank qualified as a "financial institution" within the meaning of 18 U.S.C. § 20(1).

5. On or about August 17, 2020, JAMES, as sole borrower, purchased the three (3) bedroom, (1) bathroom property located at 3121 Peronne Avenue, Norfolk, Virginia 23509 (the "Peronne Property"), for approximately $137,000, financed with a mortgage loan of approximately $109,600 (Loan #4430025978) backed by Fannie Mae.

6. The loan was originated by OVM Financial under a signed Second Home Rider, which required JAMES, as the sole borrower to occupy and use the property as her secondary residence, and prohibited its use as a timesharing or other shared ownership arrangement or agreement that requires her either to rent the property or give any other person any control over the occupancy or use of the property.

7. Despite these representations, the Peronne Property was not occupied or used by JAMES as a secondary residence and was instead used as a rental investment property, renting the property to a family of (3).

8. This misrepresentation allowed JAMES to obtain favorable loan terms not available for investment properties, including a note rate of 3.000% (avoiding a 0.815% higher comparable investment property rate of 3.815%, resulting in approximately $17,837 in rate savings over the life of the loan), a seller credit of approximately $3,288 (exceeding the seller credit for investment properties by approximately $1,096), for total ill-gotten gains of approximately $18,933 over the life of the loan.

9. JAMES' Universal Property application for homeowners' insurance indicated "owner-

2

occupied non-seasonal use," further misrepresenting the intended use of the property.

10. JAMES filed Schedule E tax form(s), under penalties of perjury, treating the Perrone Property as rental real estate, reporting fair rental days, zero personal use days, thousand(s) of dollars in rents received, and claiming deductions for expenses relating to the property, further contradicting the second home classification.

11. The loan was acquired by or assigned to First Savings Bank by March 2021, exposing it to risks associated with the misrepresented loan.

12. The acts described herein occurred within the Eastern District of Virginia.

## COUNT ONE

### (Bank Fraud - 18 U.S.C. § 1344)

13. The allegations in paragraphs 1 through 12 are re-alleged and incorporated herein.

14. From on or about August 7, 2020, through at least January 2024, in the Eastern District of Virginia and elsewhere, the Defendant, LETITIA A. JAMES, did knowingly execute and attempt to execute a scheme and artifice to defraud OVM Financial and First Savings Bank, financial institutions, and to obtain moneys, funds, and credits owned by and under the custody and control of OVM Financial and First Savings Bank by means of false and fraudulent pretenses, representations, and promises.

15. The scheme involved falsely representing the Peronne Property as a secondary residence to obtain favorable mortgage terms, while using it as an investment property with no intended or actual personal occupancy or use by her.

(In violation of Title 18, United States Code, Section 1344).

## COUNT TWO

### (False Statements to a Financial Institution - 18 U.S.C. § 1014)

16. The allegations in paragraphs 1 through 12 are re-alleged and incorporated herein.

17. From on or about July 28, 2020, through at least August 31, 2020, in the Eastern District of Virginia and elsewhere, the Defendant, LETITIA A. JAMES, did knowingly make and cause to be made false statements and reports for the purpose of influencing the action of OVM Financial, a Fannie Mae-backed lender, upon an application for a loan, in that JAMES represented and affirmed in uniform residential loan applications and related documents that the Peronne Property would be used as a secondary residence, when in truth and fact, as JAMES then knew, the property was intended and used as an investment property with no intended or actual personal occupancy or use by her.

(In violation of Title 18, United States Code, Section 1014).

## FORFEITURE NOTICE

Pursuant to Federal Rule of Criminal Procedure 32.2(a) and Title 18, U.S.C. § 982(a)(2)(A), upon conviction of the offenses in Counts One and Two, the Defendant, Letitia A. James, shall forfeit to the United States any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations, including but not limited to a money judgment in the amount of $18,933.

If any of the property described above, as a result of any act or omission of the Defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to a forfeiture of substitute property pursuant to Title 21, U.S.C. § 853(b), as incorporated by Title 18 U.S.C. § 982(b)(1).

(In accordance with Title 18 U.S.C. § 981(a)(1)(C) and 982(a)(1); Title 28, U.S.C. § 2461(c); and Title 21 U.S.C. § 853(p).)

4

A TRUE BILL

REDACTED COPY

Foreperson

Pursuant to the E-Government Act
the original of this page has been filed
under seal.

By: _____

LINDSEY HALLIGAN
UNITED STATES ATTORNEY