# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LETITIA A. JAMES,<br><br>Defendant. | Case No. 2:25-cr-12**2** |

## ORDER

The parties, having conferred regarding a timetable and procedures for pretrial disclosures in accordance with Fed. R. Crim. P. 16.1 and Local Criminal Rule 12, have agreed and upon their joint motion, it is hereby **ORDERED** as follows:

I. Discovery and Inspection

**ORDERED** that, pursuant to Fed. R. Crim. P. 16(a), no later than November 12, 2025, the government shall provide to the defense or make available for inspection and copying materials listed below that are in the possession of the U.S. Attorney's Office for the Eastern District of Virginia.[1] The government has a continuing obligation to disclose material acquired after the deadline promptly and on a rolling basis, and all disclosures must be made by January 5, 2026, unless the government establishes good cause. Later-discovered evidence or material shall also be promptly disclosed pursuant to Fed R. Crim. P. 16(c).

---

[1] For cases where an early pretrial motion deadline or other circumstances make this timeline infeasible (e.g., any motion to dismiss for vindictive or selective prosecution), the parties will discuss alternatives for disclosure and, if appropriate, request an extension of the pretrial motion deadline as needed to satisfy the disclosure obligations under this provision and facilitate preparation for trial.

1. The government shall disclose to the defendant and make available for inspection, copying, or photographing: any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government; that portion of any written record containing the substance of any relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent; recorded testimony of the defendant before a grand jury which relates to the offense charged; and the substance of any other relevant oral statement made by the defendant whether before or after arrest in response to interrogation by any person then known by the defendant to be a government agent if the government intends to use that statement at trial.

2. The government shall furnish to the defendant such copy of her prior criminal record, if any, as is within the possession, custody, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.

3. The government shall permit the defendant to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions thereof, which are within the possession, custody or control of the government, and which are material to the preparation of her defense or are intended for use by the government as evidence in chief at the trial, or were obtained from or belong to the defendant.

4. The government shall permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, or copies thereof, which are within the possession, custody, or control of the government, the existence of

2

which is known, or by the exercise of due diligence may become known to the attorney for the government, and which are material to the preparation of the defense or are intended for use by the government as evidence in chief at the trial.

It is **FURTHER ORDERED** that:

5. The government shall disclose to the defendant by November 28, 2025:

- a complete statement of all opinions that the government will elicit from the witness;

- the bases and reasons for the opinions;

- the witness's qualifications, including a list of all publications authored in the previous 10 years; and

- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition;

for all testimony the government intends to use at trial under Fed. R. Evid. 702, 703, or 705, unless the expert testimony is to be offered in response to a previously noticed expert of a defendant, in which case the disclosure pursuant to this paragraph must be provided not later than January 16, 2026. Such a disclosure shall include the same information listed above for initial expert disclosures (including any opinions the government intends to elicit from the witness in response to the defendant's designated expert witness(es)). In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

It is **FURTHER ORDERED** that, pursuant to Fed. R. Crim. P. 16(b), upon government compliance with the foregoing, the defense shall provide the materials listed below in a prompt

3

manner, and all disclosures must be made no later than January 16, 2026, unless the defense establishes good cause. Later-discovered evidence or material shall be produced pursuant to Fed R. Crim. P. 16(c).

6. The defendant shall permit the government to inspect and copy or photograph books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which the defendant intends to use in the defendant's case-in-chief at trial.

7. The defendant shall permit the government to inspect and copy or photograph any results or reports of physical or mental examination and of scientific test or experiments made in connection with the particular case, or copies thereof, within the possession or control of the defendant, which the defendant intends use in the defendant's case-in-chief at trial or which were prepared by a witness whom the defendant intends to call at the trial when the results or reports relate to her testimony.

It is **FURTHER ORDERED** that:

8. The defendant shall disclose to the government no later December 12, 2025:

- a complete statement of all opinions that the defense will elicit from the witness;
- the bases and reasons for the opinions;
- the witness's qualifications, including a list of all publications authored in the previous 10 years; and
- a list of all other cases in which, during the previous 4 years, the witness has testified as an expert at trial or by deposition;

4

for all testimony the defendant intends to use at trial under Fed. R. Evid. 702, 703, or 705, unless the expert testimony is to be offered in response to a previously-noticed expert of a government, in which case the disclosure pursuant to this paragraph must be provided not later than January 16, 2026. Such a disclosure shall include the same information listed above for initial expert disclosures (including any opinions the defendant intends to elicit from the witness in response to the government's designated expert witness(es)). In an appropriate case, and for good cause shown, either party may move the Court for an Order requesting earlier or later disclosure of expert witness notice and summaries.

## II. Bill of Particulars

It is **FURTHER ORDERED** that, not later than November 21, 2025, the defense shall file any motion for a Bill of Particulars. If a motion for a Bill of Particulars is filed, the government shall have until November 28, 2025, to file its response, and the defense shall have until December 5, 2025, to file any reply.

## III. Federal Rule of Evidence 404(b)

It is **FURTHER ORDERED** that, no later than December 15, 2025, the government shall provide written notice to the defendant, in accordance with Fed. R. Evid. 404(b)(3), of the permitted purpose and reasoning supporting the purpose for admissibility of any evidence of other crimes, wrongs, or acts of defendant which it intends to introduce at trial, except that, upon motion of the government and for good cause shown, the Court may excuse such pretrial notice.

## IV. *Brady* Material

It is **FURTHER ORDERED** that, in accordance with the Due Process Protection Act and Fed. R. Crim. P. 5(f), the government shall comply with its obligations to produce promptly material favorable to the defense as required by *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny.

V. *Jencks/Giglio* Materials

It is **FURTHER ORDERED** that, no later than December 30, 2025, the government shall produce to the defendant the *Jencks* Act and *Giglio* materials known to the government at that time for the witnesses who will testify in the government's case in chief.

Counsel for the defendant may disclose the contents of said *Jencks* Act and *Giglio* materials to his or her client, but may not provide the client with said documents or reproductions thereof.

At the request of the government and consistent with the ethical responsibilities of defense counsel, all *Jencks* Act, *Giglio* materials and reproductions thereof shall be returned to the United States Attorney's Office forthwith at the conclusion of the litigation of the case.

It is **FURTHER ORDERED** pursuant to Fed. R. Crim. P. 26.2, that no later than January 20, 2026, the defendant, by and through her counsel, shall produce to the government the statements of any witness, other than the defendant, who will testify on behalf of the defendant.

VI. Notice of Alibi or Insanity

It is **FURTHER ORDERED** that, pursuant to Fed. R. Crim. P. 12.1, no later than 15 business days before trial, the defendant, by and through counsel, shall comply with Rule 12.1(a) if the defendant intends to offer a defense of alibi, and further that the defendant and the government shall, following notice of alibi, comply with Rules 12.1(b) and (c) within the time period set out in those rules, except upon motion of the parties and for good cause shown.

It is **FURTHER ORDERED** that, pursuant to Fed. R. Crim. P. 12.2, no later than 30 business days before trial, the defendant, by and through counsel, shall comply with Rule 12.2(a) and 12.2(b) if the defendant intends to offer an insanity defense or expert evidence of a mental condition, and further that the Court may grant additional trial-preparation time, or make other appropriate orders for good cause shown.

VII. Stipulations

It is **FURTHER ORDERED** that the parties shall file proposed stipulations with the Court no later than January 16, 2026. Additional stipulations may be submitted thereafter by the parties upon approval by the Court.

VIII. Jury Questionnaire

It is **FURTHER ORDERED** that the parties shall submit any proposals for a written jury questionnaire to the Court, or a joint proposal if agreed upon by the parties, not later than December 29, 2025.

IX. Exhibit List/Witness List

It is **FURTHER ORDERED** that not later than January 16, 2026, the government shall provide to chambers and the defense a copy of all exhibits, an exhibit list, and a witness list.

It is **FURTHER ORDERED** that, upon the government's compliance with the foregoing, the defense shall provide to chambers and the government a copy of any case-in-chief exhibits, an exhibit list, and a witness list on the first day of trial.

X. Modification of Order

The parties may seek to modify the provisions of this Order depending upon the particular circumstances of a case and may seek modification of the terms of this Order after its entry for good cause.

**IT IS SO ORDERED**.

_____/s/_____
Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 29, 2025

7