## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:25-cr-122 |
| LETITIA A. JAMES, | |
| Defendant. | |

### OPINION & ORDER

Defendant Letitia A. James filed a motion asking the Court to order the government to follow federal and local rules and abide by professional guidelines regarding disclosing information to the media and the public. ECF No. 21. The motion also requests that the Court require the government to keep a log of any communications between any government attorney or agent in this case and any member of the media and that the Court impose a litigation hold preventing the deletion or destruction of any records of communications having to do with the investigation and prosecution of this matter. *Id.* at 21; *id.* at 12 n. 11.

The government does not oppose the defendant's proposal that the Court issue a reminder to comply with rules and guidelines related to interaction with the media. *See* ECF No. 30 at 2. However, the government contends that any such order should extend to the defendant as well. *Id.* at 3. The government also disputes whether a communication log or litigation hold is necessary. *Id.* at 2–3.

The defendant's motion will be **GRANTED IN PART** and **DENIED IN PART**. The Court will direct all counsel to comply with the rules relevant to their

circumstances, as described below. Additionally, a litigation hold is appropriate given the possibility that discoverable information could be lost due to technological features designed to secure private communications. However, the defendant does not demonstrate that it is necessary for the Court to order the government to track communications with the media in any particular form.

## I.      BACKGROUND

The motion criticizes alleged communications between a government attorney[1] and a member of the media via the encrypted messaging app Signal. *See generally* ECF No. 21. Those alleged communications referenced grand jury proceedings in this case and were reported in the media. *See* ECF Nos. 21-2 (messages), 21-1 (report).

In its response, the government highlights statements the defendant herself made to the media about her beliefs regarding the government's motivations and her contention that the "charges are baseless." ECF No. 30 at 5.

## II.     ANALYSIS

### A.     Rules and Principles Governing Lawyer Communications

The motion does not seek a sanction against the government, nor does a ruling on any of the defendant's requests require a finding that the government engaged in any wrongdoing.[2] *See* ECF No. 29 at 16:16–17 (defense counsel agreeing with this

---

[1]  The status of the government attorney who made the alleged statements is the subject of a motion pending before the Honorable Cameron McGowan Currie. ECF No. 22. Thus, the Court will avoid referencing the role of the attorney in this case. Additionally, this Court generally does not refer to government attorneys by name. It will not depart from that practice here.

[2] The government argues that its counsel's statements were proper because they were made to "protect her client from substantial undue prejudice." ECF No. 30 at 6 (citing

observation). So while the Court notes that the communications described in the motion are unusual, it declines to opine on whether they were improper in any sense, either legal or ethical.[3]

However, recognizing that the rules and principles related to lawyers' engagement with the media are especially important in cases that attract public attention, the Court **ORDERS** the government to comply with Fed. R. Crim. P. 6(e)(2), which prohibits "an attorney for the government" from "disclos[ing] a matter occurring before the grand jury." The government's attorneys are also reminded of their obligations under 28 C.F.R. § 50.2(b), which addresses "the release of information to news media." 28 C.F.R. § 50.2(b)(1). Counsel for the government may also have professional duties that relate to statements that pose a risk of prejudice to fair criminal proceedings. *See* ABA Model Rules of Prof'l Conduct R. 3.8 (2023).

The Court also **ORDERS** *all counsel* to comply with Local Rule 57.1, which prohibits any "lawyer, law firm, or law enforcement personnel associated with the prosecution or defense" from making or authorizing[4] certain extrajudicial statements,

_____

28 C.F.R. § 50.2(b)(5)). But because the Court need not decide whether the statements were made pursuant to legal authority, it need not determine the government attorney's intent.

[3] In its opposition to the motion, the government argues that the alleged statements regarding the grand jury proceedings do not "rise to the same level" as the defendant's public statements proclaiming her innocence. ECF No. 30 at 5. The Court does not believe a comparison of the defendant's public statements and the government's interactions with the media does much to resolve any question presented here.

[4] The parties do not discuss this point in their briefing, but the Court observes that the Local Rules' prohibition on 'authorizing' extrajudicial statements would appear to apply to public statements a defendant might make with the advice of counsel— though Rule 57.1 binds only the lawyer, not the defendant.

including offering "[a]ny opinion as to the accused's guilt or innocence or as to the merits of the case or the evidence in the case," subject to their professional obligations. E.D. Va. Crim. R. 57.1(C)(6). Any "lawyer who is participating . . . in the . . . litigation of [this] matter" may also have an ethical duty to refrain from making extrajudicial statements that pose a risk of prejudicing the proceeding. *See* ABA Model Rules of Prof'l Conduct R. 3.6 (2023).[5]

### B.    Litigation Hold & Communication Log

The defendant presents evidence that government counsel communicated with a member of the media about this case using an encrypted messaging app that enables automatic deletion of messages. *See generally* ECF No. 21-1. The Court is not asked to decide now whether any communications between the government and media are or will become discoverable. But in the event that such communications take place and are discoverable (or are subject to a judicial determination about discoverability), it is important that the government preserve the evidence of those communications. *Cf. Brady v. Maryland*, 373 U.S. 83, 87 (1963) ("suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution"). Accordingly, the Court **ORDERS** a

---

[5] The government argues that the defendant herself is subject to certain restrictions on her communication with the media because she is a "lawyer." ECF No. 30 at 4 (quoting E.D. Va. Crim. R. 57.1(C)). But the Court finds that "lawyer" within the meaning of the Local Rules refers to a person practicing law in this district, not to any individual with a juris doctor degree or a bar license. Accordingly, this Order does not extend to the defendant's speech as a defendant. *But see supra* n.2.

litigation hold preventing the deletion or destruction of any records or communications having to do with the investigation or prosecution of this case. This hold shall be in effect until further order of the Court.

However, the Court is not persuaded that preservation of evidence related to the government's communications requires such evidence be maintained in any particular form. The defendant does not demonstrate that a communication log is necessary, so the Court will not order the government to maintain one. The Court trusts that counsel on both sides will comply with this Order without further handholding.

## C.    Defendant's Statements

At this stage of the litigation, the Court does not find that a restriction on the defendant's own speech is necessary to ensure a fair trial for both sides. The Court certainly has the power to "control the speech and conduct even of defendants in criminal trials when necessary to protect the criminal justice process," *United States v. Trump*, 88 F.4th 990, 1006 (D.C. Cir. 2023) (citing *Nebraska Press*, 427 U.S. 539, 553–54 (1976)). But so far, the government has not demonstrated that the defendant's speech has risen to the level that it must be dampened in spite of her First Amendment rights in order to preserve a just legal process. *See id.* at 1008 (recognizing that "a criminal defendant—who is presumed to be innocent—may very well have a greater constitutional claim than other trial participants to criticize and speak out against he prosecution and the cirminla trial process . . . ."). Therefore, to

the extent the government asks the Court to restrict the defendant's speech at this juncture, that request will be **DENIED**.

## III.    CONCLUSION

The defendant's motion (ECF No. 21) is **GRANTED IN PART** and **DENIED IN PART**.

The government shall comply with Fed. R. Crim. P. 6(e)(2) and is reminded of its obligations under 28 C.F.R. § 50.2.

All counsel shall comply with E.D. Va. Crim. R. 57.1.

The government shall preserve any records or communications having to do with the investigation or prosecution of this case.

The defendant's request that the government be required to keep a communication log is **DENIED**.

To the extent the government asks the Court to limit the defendant's own speech, that request is **DENIED**.

**IT IS SO ORDERED.**

_____ /s/ _____

Jamar K. Walker
United States District Judge

Norfolk, Virginia
October 31, 2025