IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

|  |  |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>LETITIA A. JAMES<br><br>Defendant. | No. 2:25-CR-00122-JKW-DEM |

**GOVERNMENT'S NOTICE OF REASONS FOR NOT PROVIDING PRE-VINDICTIVE/SELECTIVE PROSECUTION MOTION RELATED DISCOVERY**

The United States of America, by and through its attorneys, Lindsey Halligan, United States Attorney for the Eastern District of Virginia, and Roger A. Keller, Jr., Assistant United States Attorney for said District, hereby files its Notice of Reasons for Not Providing Pre-Vindictive/Selective Prosecution Motion Related Discovery. In the October 24, 2025, proceeding, the Court instructed the United States of America (the Government) to provide Defendant with vindictive/selective prosecution-related discovery before she filed any such motion. The Court's instruction is premature as the Government bears no such obligation until a defendant "overcomes a significant barrier by advancing objective evidence tending to show the existence of prosecutorial misconduct. This standard is a 'rigorous' one." *United States v. Wilson*, 262 F.3d 305, 315 (4th Cir. 2001) (quoting *United States v. Armstrong*, 517 U.S. 456, 468 (1996)).

### I.   Procedural/Factual History

A grand jury returned a two-count indictment against Defendant on October 9, 2025. Doc. 1. Defendant's Initial Appearance and Arraignment occurred on October 24, 2025. Doc. 24. At that hearing, the Court ordered Defendant to file her motion to dismiss based on vindicative/selective prosecution by November 7, 2025. Hear'g Tr., 23:18-20. It also indicated

1

its expectation "that the discovery associated with this potential first motion needs to be front-loaded . . . ." *Id.* at 23:14-16.  Consistent with this Court's instruction, the Government provided newspaper articles to Defendant's counsel.  Defendant's counsel also indicated that he intends to request substantial discovery from the Government.

## II.     Argument

The Government provides notice of its intent not to provide vindictive/selective prosecution-related discovery prior to Defendant's motion because the law does not "allow[ ] a defendant to have discovery on the government's prosecutorial decisions [until] the defendant . . . overcome[s] a significant barrier by advancing objective evidence tending to show the existence of prosecutorial misconduct.  The standard is a 'rigorous' one." *Wilson*, 262 F.3d at 315 (quoting *Armstrong*, 517 U.S. at 468).  Until Defendant meets her threshold requirements, the Court's instruction to produce any vindictive/selective prosecution-related discovery is premature.

"The Attorney General and United States Attorneys retain broad discretion to enforce the Nation's criminal laws.  They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" *Armstrong*, 517 U.S. at 464 (quoting U.S. Const., Art. II, § 3; *see* 28 US.C. §§ 516, 547).  This means that "so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion." *Id.* (citations and quotations omitted).  Furthermore, "[b]ecause of the broad discretion given prosecutors and the wide range of factors that may properly be considered in making pretrial prosecutorial decisions, a prosecutor should remain free before trial to exercise that broad discretion entrusted to him to determine the extent of the societal interest in prosecution." *Wilson*,

2

262 F.3d at 315. Consequently, courts must "be cautious not to intrude unduly in the broad discretion given to prosecutors in making charging decisions. Indeed, a prosecutor's charging decision is presumptively lawful." *Id.*

A vindictive/selective prosecution motion "asks a court to exercise judicial power over a special province of the Executive." *Armstrong*, 517 at 464. However, the "necessary presumption of prosecutorial regularity" requires a vindictive/selective prosecution motion to "be supported by a showing sufficiently strong to overcome the presumption of prosecutorial regularity." *Wilson*, 262 F.3d at 315. This means that "*before* a court allows a defendant to have discovery on the government's prosecutorial decisions, the defendant must overcome a significant barrier by advancing objective evidence tending to show the existence of prosecutorial misconduct. This standard is a 'rigorous' one." *Id.* (emphasis added) (quoting *Armstrong*, 517 U.S. at 456). The evidentiary standard for obtaining such discovery from the government is rigorous "because discovery imposes many of the costs present when the government must respond to a prima facie case of selective prosecution; it diverts governmental resources and discloses prosecutorial strategies." *Id.* (quoting *United States v. Olvis*, 97 F.3d 739, 743 (4th Cir. 1996)). Moreover, "[e]xamining the basis of a prosecution delays the criminal proceeding, threatens to chill law enforcement by subjecting the prosecutor's motives and decisionmaking to outside inquiry, and may undermine prosecutorial effectiveness by revealing the Government's enforcement policy." *Armstrong*, 517 U.S. at 465 (citations and quotations omitted).

Federal Rule of Criminal Procedure 16 does not require the Government to produce vindictive/selective prosecution-related evidence before a defendant files such a motion. The Rule permits a defendant to discover evidence material to her defense, FED. R. CRIM. P. 16(a)(1)(C), but "defense" means the "defense against the Government's case in chief, . . . not to the preparation

of selective prosecution claims." *Armstrong*, 517 U.S. at 462 (citing Fed. R. Crim. P. 16(a)(1)(C))(emphasis added). Fed. R. Crim. P. 16(a)(2) underscores the limitation to "defense" as it "exempts from defense inspection 'reports, memoranda, or other internal government documents made by the attorney for the government or other government agents in connection with the investigation or prosecution of the case.'" *Id.* (quoting Fed. R. Crim. P. 16(a)(2)). "If a selective-prosecution claim is a 'defense,' Rule 16(a)(1)(C) gives the defendant the right to examine Government work product in every prosecution except his own." *Id.*

### III.   Conclusion

The Order to produce vindictive/selective prosecution-related discovery before Defendant filed her motion relieved her of her obligation to overcome the prosecution's presumptive lawfulness with "evidence tending to show the existence of prosecutorial misconduct." *Wilson*, 262 F.3d at 315. The Government is not required to produce vindictive/selection prosecution-related discovery until Defendant overcomes the presumption of the prosecution's lawfulness.

> Respectfully submitted,
>
> Lindsey Halligan
> United States Attorney

By:     /s/
Roger A. Keller, Jr.
Missouri Bar #42541
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Phone: (757) 441-6331
Facsimile: (757) 441-6689
E-Mail: Roger.Keller@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of November 2025, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to all counsel of record.

By:    /s/
      Roger A. Keller, Jr.
      Assistant United States Attorney