UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

UNITED STATES OF AMERICA,

v.

LETITIA A. JAMES,

*Defendant.*

No. 2:25-CR-122 (JKW)

### MOTION ON BEHALF OF FORMER SENIOR OFFICIALS OF THE DEPARTMENT OF JUSTICE FOR LEAVE TO FILE BRIEF AS *AMICI CURIAE* IN SUPPORT OF MOTION TO DISMISS INDICTMENT FOR VINDICTIVE PROSECUTION

In accordance with Rule 12 of the Federal Rules of Criminal Procedure and the Local Criminal Rules for the Eastern District of Virginia, a group of more than 100 former senior officials of the United States Department of Justice, by and through undersigned counsel, hereby respectfully moves this Court for leave to file a brief as Amici Curiae ("Amici") in support of the above-captioned defendant's motion to dismiss the indictment for vindictive prosecution, *see* Dkt. 53. Defendant James consents to the filing of the proposed Amici Curiae brief. The government has represented that it opposes this motion, but government counsel provided no further explanation for that opposition.*

---

* Under Department of Justice policy for the courts of appeals, a "Department attorney shall nearly always consent to the filing of an amicus brief that complies with the rules." U.S. Dep't of Justice, Justice Manual, § 2-2.125; *see also id.* ("The normal practice of the Department of Justice is to freely grant its consent to the filing of amicus briefs, even where it might reasonably be contended that the amicus brief does not make a positive contribution to the proper resolution of an appeal."). Although that policy does not bind Department attorneys in district court, the typical Department practice is not to oppose amicus participation at that level either. *See, e.g.*, Mot. To Participation in Oral Argument by *Amicus Curiae* Association of Criminal Defense Lawyers of New Jersey, *United States v. Giraud*, No. 24-cr-768, Dkt. 120 at 2 (D. N.J.) (filed Aug. 7, 2025) (noting that the government took "no position" on motion to participate in oral argument in support of the defendant); Mot. for Leave to File Brief of Professor Seth Barrett Tillman and Landmark Legal Foundation as *Amici Curiae* in Support of Defendant Trump's Motion to Dismiss the Indictment,

A list of names of prospective Amici appears in the Appendix to the attached proposed brief. If permitted to appear, Amici request that the Court consider that brief, which is submitted contemporaneously with this motion, when ruling on the pending motion to dismiss. A proposed order granting the instant motion is also submitted contemporaneously along with this filing.

This Court has "broad discretion in deciding whether to allow a non-party to participate as an amicus curiae." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). Participation by amici curiae has "been allowed at the trial level where they provide helpful analysis of the law [or] have a special interest in the subject matter of the suit," among other reasons. *Id.* (quoting *Bryant v. Better Bus. Bureau of Md.*, 923 F. Supp. 720, 727 (D. Md. 1996)). Accordingly, motions to participate in a case as amici curiae have been granted in this District when the proposed brief is deemed both "timely and useful." *Id.*; *see also Democratic Party of Va. v. Brink*, No. 3:21cv756, 2022 WL 287929, at *3 (E.D. Va. Jan. 31, 2022) ("[T]he fact remains that amici often make useful contributions to litigation.") (quoting *Stuart v. Huff*, 706 F.3d 345, 355 (4th Cir. 2013)).

In this case, prospective Amici—all of whom are former officials who held senior leadership positions within the Department of Justice ("Department")—have a "special interest in the subject matter" of this case and can provide the Court with "helpful analysis of the law" concerning the defendant's pending motion to dismiss the indictment for vindictive prosecution. *Tafas*, 511 F. Supp. 2d at 659. As further explained in the attached proposed brief, prospective Amici include former senior officials of the Department of Justice, including former Attorneys

---

*United States v. Trump*, No. 23-cr-80101, Dkt. 410 at (S.D. Fla.) (filed Mar. 21, 2024) (noting that the government took "no position" on the request to file an amicus brief in support of the defendant); Unopposed Mot. of America First Legal Foundation for Leave to Participate as Amicus Curiae and Incorporated Memorandum of Law, *United States v. Trump*, No. 23-cr-80101, Dkt. 360 at 1 (S.D. Fla.) (filed Mar. 1, 2024) (same). Notwithstanding the government's decision not to adhere to that practice here, the Court should permit the filing of the Amici Curiae brief in this case for the reasons given in this motion.

General, Deputy Attorneys General, Solicitors General, Deputy Solicitors General, Assistant Attorneys General, Associate Attorneys General, and Deputy Assistant Attorneys General, among others. Prospective Amici also include former United States Attorneys from over 40 different Districts nationwide, including this District. Collectively, prospective Amici include more than 100 former Department of Justice officials, who worked in senior leadership positions within the Department in the Administrations of ten Presidents from both major political parties, dating back to the Nixon Administration.

Prospective Amici are therefore uniquely positioned to explain the Department's own internal policies, procedures, and practices concerning federal prosecutions, as well as the many ways in which this unprecedented indictment deviated from those longstanding policies and practices. Given their extensive experience at the Department—including collectively handling or overseeing countless criminal prosecutions—prospective Amici can also provide a useful legal analysis of the ways in which the vindictively motivated indictment in this case fails to comport with the Due Process Clause. Prospective Amici thus fit comfortably alongside the types of non-parties whom courts routinely permit to participate in litigation in an amicus curiae capacity. *See, e.g., Bank Markazi v. Peterson*, 578 U.S. 212, 225 (2016) (citing "Brief for Former Senior Officials of the Office of Legal Counsel as *Amici Curiae*"); *Roe v. Dep't of Defense*, 947 F.3d 207, 228 (4th Cir. 2020) (citing "Amicus Br[ief] of Former Military Officials"); *Fed. Energy Regul. Comm'n v. Powhatan Energy Fund, LLC*, No. 3:15-CV-452, 2017 WL 11682615, at *2 (E.D. Va. Mar. 15, 2017) (finding an "Amici Brief helpful and the information timely and useful" where the brief was submitted on behalf of "ten law professors who regularly write and teach about federal administrative law and procedure"); *see also United States v. Comey*, No. 1:25-cr-272, ECF No.

119 (E.D. Va. Oct. 31, 2025) (granting motion to file amicus brief by former senior officials of the Department of Justice, over the government's opposition and without holding a hearing).

Finally, the proposed Amici Curiae brief is also "timely" submitted, as it is being submitted contemporaneously with this motion, six days after the defendant filed his motion to dismiss the indictment, and more than one week before the government's response is due on November 21, 2025.

For the foregoing reasons, prospective Amici respectfully request that the Court grant their motion for leave to file a brief as Amici Curiae and consider the attached brief when ruling on the defendant's pending motion to dismiss the indictment for vindictive prosecution.

Respectfully submitted,

/s/ Gregory P. Rosen
GREGORY P. ROSEN (VA Bar # 82584)
ROGERS JOSEPH O'DONNELL PC
1500 K Street N.W., Suite 800
Washington, D.C. 20005
(202) 777-8952
grosen@rjo.com

MARY L. DOHRMANN††*
JAMES I. PEARCE†*
WASHINGTON LITIGATION GROUP
1717 K Street N.W., Suite 1120
Washington, D.C. 20006


† Admitted only in New York and North Carolina; practicing under the supervision of D.C. Bar Members
†† Admitted only in New York; practicing under the supervision of D.C. Bar Members
* Pending motion for admission *pro hac vice*

Counsel for Amici Curiae
Former Senior Officials of the
Department of Justice

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, I filed this document in hard copy at the clerk's office and caused a copy of this document to be served by hand-delivery and/or electronic mail (e-mail) upon all counsel of record in this case.

/s/ Gregory Rosen
GREGORY P. ROSEN (VA Bar # 82584)
ROGERS JOSEPH O'DONNELL PC
1500 K Street N.W., Suite 800
Washington, D.C. 20005
(202) 777-8952
grosen@rjo.com
