IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | |
|---|---|
| THE UNITED STATES OF AMERICA<br><br>v.<br><br>LETITIA A. JAMES,<br>*Defendant.* | No. 2:25-CR-122-JKW-DEM |

### MOTION FOR LEAVE TO FILE *AMICI CURIAE* BRIEF OF UNIVERSITY PROFESSORS AND SCHOLARS IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS INDICTMENT FOR VINDICTIVE AND SELECTIVE PROSECUTION

Proposed *amici curiae* university professors and scholars hereby submit this Motion seeking leave to file the accompanying brief, attached hereto as Exhibit A. *Amici* have informed the parties to this matter of their intent to file this Motion and submit the attached brief. Ms. James consents to the Motion. The United States opposes.

*Amici curiae* are university professors and scholars with decades of experience studying the rule of law in the United States and other countries. They have substantial expertise in studying democracies that slide into authoritarianism and the rise of autocratic governments, including how rising autocratic leaders interfere with the independence of prosecutor's offices to consolidate power, weaken political opposition, stifle dissent, and exact retribution on the enemies of those in power. They are: Javier Corrales, Larry Diamond, David M. Driesen, Francis Fukuyama, Gábor Halmai, Aziz Z. Huq, Steven Levitsky, Sonia Mittal, Maria Popova, Stephen Richer, Dalibor Rohac, Susan Stokes, and Lucan Way.

The Court has broad discretion to decide "whether to allow a non-party to participate as an *amicus curiae*." *Tafas v. Dudas*, 511 F. Supp. 2d 652, 659 (E.D. Va. 2007). *Amici curiae*

briefs are permitted where, *inter alia*, *amici* "have a special interest in the subject matter of the suit" and when the Court "deems the proffered information timely and useful." *Id.* (quoting *Bryant v. Better Bus. Bureau of Greater Maryland, Inc.*, 923 F. Supp. 720, 727-28 (D. Md. 1996)) (internal quotation marks omitted). *Amici curiae* have a special interest in this case because Ms. James's prosecution poses a grave threat to prosecutorial independence and the rule of law in the United States, matters they have studied and written about for decades.

To prove a claim of vindictive prosecution, the defendant must demonstrate both that the prosecutor acted with genuine animus toward the defendant and that the defendant would not have been prosecuted but for that animus. *See, e.g., United States v. Wilson*, 262 F.3d 305, 314 (4th Cir. 2001); *United States v. Ball*, 18 F.4th 445, 454 (4th Cir. 2021). Alternatively, a defendant can demonstrate that the circumstances "pose a realistic likelihood of vindictiveness," which shifts the burden to the government to justify its conduct. *Wilson*, 262 F.3d at 314-15 (quoting *Blackledge v. Perry*, 417 U.S. 21, 27 (1974)). *Amici* respectfully submit their brief provides insight and context highly relevant to the *Wilson* standard. They provide case studies from three backsliding democracies of authoritarian leaders acting on animus to target and eventually prosecute individuals they viewed as political opponents. *Amici's* brief addresses: how—based on publicly available evidence—the initiation of Ms. James's prosecution shares attributes of politicized prosecutions in countries experiencing democratic backsliding; and why recognizing the dangers of such politicized prosecutions through judicial review is vital to our democracy. *Amici's* expertise will also assist the Court in viewing this prosecution in the larger context of how politicized prosecutions are used in autocracies and backsliding democracies and the risks that even one such prosecution poses.

2

*Amici's* Motion is timely, as briefing on Defendant's Motion is ongoing, and *amici* do not make legal arguments or factual contentions outside the scope of Defendant's Motion. *See Tafas*, 511 F. Supp. 2d at 660.

## CONCLUSION

For the foregoing reasons, *amici* respectfully request that the Court accept the accompanying brief for filing.

Dated: November 14, 2025

Respectfully submitted,

Trey R. Kelleter, Esq.
VSB #41606
KelleterLaw PC
101 W. Main Street, Suite 100
Norfolk, Virginia 23510
(757) 500-7666
trey@kelleterlaw.com

Maithreyi Ratakonda*
Christine P. Sun*
STATES UNITED DEMOCRACY CENTER
45 Main Street, Suite 320
Brooklyn, NY 11201
(202) 999-9305
mai@statesunited.org
christine@statesunited.org

Marina Eisner*
Samantha Trepel*
STATES UNITED DEMOCRACY CENTER
1101 17th St. NW, Suite 250
Washington, DC 20036
(202) 999-9305
marina@statesunited.org
sam@statesunited.org

*Counsel for Amici Curiae University Professors and Scholars*

*Pro Hac Vice Application Forthcoming

CERTIFICATE OF SERVICE

I certify that on this 14th day of November 2025, I hand filed the foregoing with the Clerk of Court. A true and correct copy has been served via electronic service on all counsel of record.

Dated: November 14, 2025

/s/ Trey Kelleter
Trey R. Kelleter, Esq.
VSB #41606
KelleterLaw PC
101 W. Main Street, Suite 100
Norfolk, Virginia 23510
(757) 500-7666
trey@kelleterlaw.com

*Counsel for Amici Curiae*
*University Professors and Scholars*