# Exhibit F

05/14/2025

# Lender Self Report

| | |
|---|---|
| Report Type | Self-Report of Lender QC Findings |
| Reported By | Kamaraj Velayutham  |
| Seller/Servicer | Nationstar Mortgage LLC - ▇ |
| Reason Reported to Fannie Mae | MisrepresentationOrFraudulentActivity |
| Fannie Mae Loan Number | ▇ |
| Seller/Servicer Loan Number | ▇ |
| Borrower Last Name | James |
| Note Date | 08/17/2020 |
| Description | On April 25, 2025, Nationstar Mortgage LLC, dba Mr.Cooper ("MRC"), a mortgage loan servicer, received a request to investigate potential misrepresentation of occupancy in relation to MRC customer, Letitia James ("James"). The subject loan was a purchase money transaction originated on 08/17/2020 ("Subject Loan"). The Subject Loan was originated as a secondary residence for $109,600, securing the property address located at ▇ Peronne Ave, Norfolk, VA 23509 ("Subject Property"). |

MRC was not the mortgage loan originator. The Subject Loan was originated by OVM Financial Inc, who sold the loan to Fannie Mae (FNMA). Servicing was transferred to MRC on or around 12/07/2023.

As noted, the Subject Loan was originated as a secondary residence. According to the FNMA Seller Guide in effect at the time of origination, secondary residences are allowed under the following circumstances:
• Must be occupied by the borrower for some portion of the year
• Must be one-unit dwellings
• Must be suitable for year-round occupancy
• The borrower must have exclusive control over the property
• Must not be a rental property or timeshare
• Cannot be subject to any agreements that give a management firm control over the occupancy of the property

To determine whether the subject loan contained evidence of misrepresentation of occupancy, the following loan attributes were considered:
• Property characteristics of a secondary residence
• Current and past occupants
• Evidence suggesting intent to circumvent seller guidelines for favorable loan terms, pricing, LTV or Mortgage Insurance
• Source of mortgage payments
• Homeowners insurance

Upon review of the characteristics of the subject property, it was confirmed, the Subject Property was a single-family dwelling, and contained characteristics of a secondary residence, specifically its location to Lafayette River (i.e. vacation home or resort area) which is four minutes from the Subject Property. However, a review of the past and present occupants revealed only one occupant since October of 2020, Nakia Moni Thompson ("Thompson"). Additionally, from October 2015 to May 2017, research shows Thompson resided at ▇ Lafayette ▇, Brooklyn, NY 11238. This is the same residence in the original loan application for the Subject Loan, where James purportedly lived for 16 years. Regarding rental history, there was no evidence to suggest the subject property was publicly listed for rent. At the time of origination, the Homeowner's Insurance Policy was with Universal Property, Policy number ▇, established as an owner-occupied residence. However, a review of the Homeowner's Insurance Declaration page from Allstate Insurance, policy number ▇, shows that it maintained a Landlord's Policy. According to Allstate Insurance, the Landlord's Policy was established on 01/30/2024 however, Allstate would not provide any further information since MRC was not the loan servicer in early 2023.

MRC reviewed FNMA's Seller guide dating back to 2019, prior to loan execution date, and there was no evidence to suggest James received favorable pricing or Loan To Value (LTV) for a second home compared to an investment property since the subject loan LTV was 80%.

MRC reviewed the mortgage payment history to determine whether mortgage payments were submitted by Thompson or another third party. The payments appeared to be from the same checking account utilized by James at time loan origination for asset verification; Citibank account number ▮▮▮▮. Thus, James appeared to be the only person making payments to MRC.

As a result, MRC is reporting James for suspicion of misrepresentation of occupancy in connection with the subject loan. However, given the date of loan origination from 2020 and limited access to utilities associated with the subject property, this cannot be unconfirmed.

Individual believed to be involved,
Letitia James
▮▮ Lafayette Avenue, Brooklyn, NY 11238
▮▮ 8227
DOB ▮▮▮▮
Social Security number ▮▮▮▮
Drivers License number ▮▮▮▮
Employer NY State ▮ Liberty Street, NY 10005
800-771-7755

| Deficiency Issue | Category | Sub Category | Defect |
|---|---|---|---|
| | Fraud | Origination Fraud | Occupancy Fraud - Second Home |

| Documents Uploaded | Type | Name | Date Uploaded |
|---|---|---|---|

The lender must notify Fannie Mae within 30 days of confirmation that one or more defects identified through the QC file review process results in the loan being ineligible as delivered to Fannie Mae.

When making the self-report to Fannie Mae, the lender must provide Fannie Mae with a written report of its findings and copies of any relevant documentation that support the reason for the finding. For example, if tax return transcripts reveal that qualifying income was inaccurate such that the borrower was not qualified for the loan on the terms and pricing offered, the lender should provide copies of the original income documentation and the tax return transcripts with its notification to Fannie Mae.